HENRIETTA I. KENNEDY, ADMINISTRATRIX, APPELLANT, v. THE DAVID KAUFMAN & SONS COMPANY, RESPONDENT.

Argued June 24, 1914—Decided November 16, 1914.

On appeal from the Supreme Court.

Plaintiff sued under the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134), and was confronted with a motion to strike out the complaint, which was granted. Mr. Justice Bergen disposed of the application by a memorandum in the Supreme Court as follows:

"The cause of action set out in plaintiff's complaint is that the defendant purchased from the Standard Oil Company a metal tank, and as part of the terms of purchase agreed to take down, remove, load and ship it; that the defendant thereafter contracted with one Hendrickson to take down the tank and remove it for defendant, which entrusted to him the entire work of furnishing the ways, works, machinery or plant for doing the work, and also the duty of seeing that these were and should be in proper condition; that Hendrickson engaged plaintiff's intestate as a laborer to take

down and remove the tank, and while he was doing the work the tank collapsed through defects in the ways, works, machinery or plant which arose and had not been discovered and remedied through the negligence of Hendrickson, who had been entrusted by the defendant with the duty of seeing that they were in proper condition, whereby the plaintiff's intestate was killed, by reason of which the action was brought for the benefit of his next of kin under the 'Death act' of 1848.

"The defendant moved to strike out the complaint upon the single ground that no cause of action is stated, because under the facts averred defendant was under no legal obligation to the deceased concerning the ways, works, machinery or plant. The question whether the deceased was subject to the conditions of section 2 of the act prescribing the liabilities of an employer to make compensation for injuries received by an employe in the course of his employment, commonly called the Employers' Liability act (*Pamph. L.* 1911, *p.* 134), is not raised by the notice, and the consideration of this motion is limited to the question whether if the plaintiff has a right of action against an independent contractor under the first section of the act, it is legally set out in the complaint, and the result is predicated upon the assumption that the parties were not bound by section 2 and stood in the same relation to each other that would exist if either had given notice to the other that the provisions of section 2 should not apply to the contract of employment, or the contract contained an express statement that it did not.

"The plaintiff claims that the complaint states a cause of action against this defendant under paragraph 3 of section 1 of the Employers' Liability act, which provides that if an employer enters into a contract with an independent contractor to do a part of the employer's work, or if such contractor (the independent contractor) contracts with a subcontractor to do all or any part of such work, such contract shall not bar the liability of an employer for injury to an employe of the contractor, or sub-contractor, caused by any defect in the condition of the ways, works, machinery or plant

if the defect arose through the negligence of the employer or someone entrusted by him with the duty of seeing they were in proper condition. No facts are set out in the complaint showing that this defendant furnished, or was required to furnish, any of the ways, works, machinery or plant. On the contrary, the complaint alleges that the defendant entrusted to Hendrickson 'the entire work of furnishing the ways, works, machinery or plant for doing the aforesaid work,' so that Hendrickson is averred to be an independent contractor entrusted with the entire work without the control, co-operation, assistance or interference of the defendant, while the statute applies only to cases where part of the work is to be done by the independent contractor. Under this complaint the deceased was employed not as a sub-contractor, but as a laborer to take down the tank, and therefore an employe of the independent contractor who had assumed, not a part of defendant's contract, but the whole.

"The legislature, when it declared that in cases where the employer contracted part of his work to an independent contractor he should be liable for defects in the ways, works, machinery or plant, was dealing with a situation not shown by this complaint, but with one where the employer furnished them to the independent contractor for doing a part of the work; otherwise it would not have limited the employer's liability to cases where only part of the work was let to a contractor, for unless such was the legislative intent, the expression 'to do part of such employer's work' might as well have been omitted.

"What the plaintiff claims is that in all cases where the entire work is let to an independent contractor, the employer is liable for defects in ways, works, machinery or plant belonging to, and furnished by, such independent contractor. This is not the proper construction of the statute, but on the contrary the employer is only liable where he furnishes the ways, works, machinery or plant in aid of part execution of his work, and does not make him liable where the entire work is let to an independent contractor, who furnishes the ways, works, machinery or plant, over whose neg-

ligent conduct in not remedying defects the employer has no control.

"As this complaint charges that the doing of the entire work as well as the furnishing of the ways, works, machinery or plant, was let to an independent contractor by the defendant through whose negligence, in not discovering and removing the defects complained of, the plaintiff's intestate was killed, it does not state a cause of action under the statute invoked, and it is not claimed that this defendant would be liable for the negligence of Hendrickson, unless paragraph 3 of section 1 of the Employers' Liability act applies.

"The motion to strike out should be allowed. The defendant may take an order striking out the complaint, with costs."

For the appellant and plaintiff below, *Jeremiah A. Kiernan.*

For the respondent and defendant below, *Francis A. Gordon.*

PER CURIAM.

From the judgment entered pursuant to the foregoing memorandum the plaintiff appeals. The only question presented to the court below was one of statutory construction, and in our opinion the statute was rightly construed by Mr. Justice Bergen with reference to the facts pleaded, and the judgment of the court below will be affirmed, for the reasons stated by him in his memorandum.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.